# *Exhibit A*



**SUTTER O'CONNELL**
ATTORNEYS

Christopher J. Schroeck
Phone: 615.771.5008
Fax: 615.771.1080
Cell: 615.712.3125
cschroeck@sutter-law.com

November 1, 2016

Dana Nicholson, Circuit Court Clerk
Hickman County
104 College Avenue Room 204
Centerville TN 37033

FILED
NOV 02 2016
___ am 1:00 pm
Dana Nicholson, Circuit Court Clerk
By_____ Dep. Clk.

    Re:    *William Bors v Sole Supports, Inc.*
           *Circuit Court of Hickman County, Tennessee Case #*

Dear Ms. Nicholson:

    Enclosed please find a Complaint and Summons to be filed in the above referenced matter. Please return the service copy of the Complaint and Summons to my office in the enclosed self-addressed stamped envelope so that we may have it personally served. I have also enclosed a firm check in the amount of $304.50 to cover the filing fees.

    Should you have any questions regarding this matter, please feel free to call me.

                                    Sincerely,

                                    Christopher J. Schroeck

CJS/dfm

Enclosure

341 Cool Springs Boulevard ▪ Suite 430 ▪ Franklin, Tennessee 37067
Phone 615.5700 ▪ Fax 615.771.1080 ▪ www.sutter-law.com
Case 1:16-cv-00113 Document 1-1 Filed 12/22/16 Page 2 of 11 PageID #: 5

| Hickman County | **STATE OF TENNESSEE** | Case Number |
| --- | --- | --- |
| | **CIVIL SUMMONS** | 16-CV-57 |
| | page 1 of 1 | |
| William P. Bors | Vs. | Sole Supports |

Served On:

__Registered Agent:__ Edward S. Glaser, Sole Supports, 7674 Highway 7, Lyles, TN 37098

You are hereby summoned to defend a civil action filed against you in ___Circuit___ Court, __Hickman__ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 11-4-16

_Dana Nicholson_
Clerk / Deputy Clerk

Attorney for Plaintiff: Christopher J. Schroeck, Sutter O'Connell
341 Cool Springs Blvd Suite 430, Franklin, TN 37067

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, __Hickman__ County

### CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____  _____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____  By: _____
Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____  _____
Notary Public / Deputy Clerk (Comm. Expires _____ )

Signature of Plaintiff  Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

ADA: If you need assistance or accommodations because of a disability, please call ADA Coordinator, at ( # )

Case 1:16-cv-00113 Document 1-1 Filed 12/22/16 Page 3 of 11 PageID #: 6

Rev. 03/11

| Hickman County | **STATE OF TENNESSEE** | Case Number |
| --- | --- | --- |
| | **CIVIL SUMMONS** | 16-CV-57 |
| | page 1 of 1 | |
| William P. Bors | Vs. Sole Supports | |

Served On:

   **Registered Agent:**   Edward S. Glaser, Sole Supports, 7674 Highway 7, Lyles, TN 37098

You are hereby summoned to defend a civil action filed against you in ___Circuit___ Court, __Hickman__ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 11-4-16

_Dana Nicholson_
Clerk / Deputy Clerk

Attorney for Plaintiff:  Christopher J. Schroeck, Sutter O'Connell
341 Cool Springs Blvd Suite 430, Franklin, TN 37067

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, __Hickman__ County

### CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____
_____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____   By: _____
   Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____
_____
Notary Public / Deputy Clerk (Comm. Expires _____ )

Signature of Plaintiff      Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

ADA: If you need assistance or accommodations because of a disability, please call ADA Coordinator, at ( ).

Case 1:16-cv-00113 Document 1-1 Filed 12/22/16 Page 4 of 11 PageID #: 7

Rev. 03/11

| Hickman County | **STATE OF TENNESSEE**<br>**CIVIL SUMMONS**<br>page 1 of 1 | Case Number<br>16-CV-57 |
|---|---|---|
| William P. Bors | Vs. Sole Supports | |

Served On:

**Registered Agent:** Edward S. Glaser, Sole Supports, 7674 Highway 7, Lyles, TN 37098

You are hereby summoned to defend a civil action filed against you in ___Circuit___ Court, __Hickman__ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 11-4-16

_Dana Nicholson_
Clerk / Deputy Clerk

Attorney for Plaintiff: Christopher J. Schroeck, Sutter O'Connell
341 Cool Springs Blvd Suite 430, Franklin, TN 37067

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, __Hickman__ County

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

_____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____                By: _____
                                       Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____
Notary Public / Deputy Clerk (Comm. Expires _____ )

Signature of Plaintiff _____    Plaintiff's Attorney (or Person Authorized to Serve Process)
                                           (Attach return receipt on back)

*ADA: If you need assistance or accommodations because of a disability, please call _____ ADA Coordinator, at ( ) _____.*

Case 1:16-cv-00113   Document 1-1   Filed 12/22/16   Page 5 of 11 PageID #: 8

Rev. 03/11

WILLIAM P. BORS )
)
Plaintiff, )
) Civil Action No.: 16-CV-57
v. )
)
SOLE SUPPORTS, INC. )
) Jury Demand Endorsed Hereon
Defendant. )

FILED NOV 0 2 2016 __am 1:00 pm Dana Nicholson, Circuit Court Clerk By_____ Dep. Clk.

# COMPLAINT

Plaintiff William P. Bors ("Bors"), through his undersigned counsel, for his complaint against Defendant alleges as follows:

## Nature of the Action

1. This is an action for violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et. seq., and the Tennessee Human Rights Act, T.C.A. § 4-21-401, et. seq.

## Jurisdiction and Venue

2. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to T.C.A. § 16-10-101.

3. This Court has personal jurisdiction over the Defendant because Sole Supports, Inc. is a corporation organized under the state laws of Tennessee, with a principal place of business located at 7674 Highway 7, Lyles, TN 37098-1571. Lyles, Tennessee is located in Hickman County, Tennessee.

4. Venue is properly founded in this Court pursuant to T.C.A. 20-4-104 because the cause of action arose in Hickman County, Tennessee and the Defendant maintains its principal office in Hickman County, Tennessee.

## Parties

5. Plaintiff William P. Bors is a natural person residing in Connecticut, with an address of 170 Case Street, West Granby, Connecticut, 06059.

6. Sole Supports, Inc. is a corporation formed under the laws of Tennessee. Its principal place of business is located at 7674 Highway 7, Lyles, Tennessee, 37098-1571. It can be served via its registered agent, Edward S. Glaser, at 7674 Highway 7, Lyles, Tennessee 37098-1571.

## Bors' Employment With Sole Supports

7. Sole Supports, Inc. is a business which manufactures and sells custom orthotic inserts.

8. Sole Supports' custom orthotic inserts are manufactured individually for each patient, taking into account that patient's particular needs and foot mechanics.

9. At all times relevant to this Complaint Sole Supports had twenty or more employees.

10. William P. Bors is a professional engineer who was first hired by Sole Supports in 2001.

11. Mr. Bors is 63 years old, and was born on September 17, 1953.

12. From the beginning of his employment, Mr. Bors was essential in developing custom machinery for the manufacture of Sole Supports' products.

13. Among his achievements at Sole Supports was the design of a calibration machine which allowed Sole Supports to calibrate the stiffness of its orthopedic inserts to meet the needs of individual patients.

14. As Sole Supports, Inc. grew, Mr. Bors was promoted, ultimately reaching the position of "plant engineer."

15. Beginning in 2012, Sole Supports began terminating a number of its more senior employees.

16. In 2012, Sole Supports terminated its president, Don Bursch, who was over the age of 40 at the time, replacing him with a younger employee.

17. In 2015, Sole Supports terminated its CFO, Barbara Cowan, who was over the age of 40 at the time, replacing her with a younger employee.

18. In the summer and fall of 2015, Mr. Ken Burks, the Chief Operating Officer of Sole Supports, began verbally harassing Mr. Bors regarding the location and condition of Mr. Bors' office space.

19. None of the issues raised by Mr. Burks had been an issue before the summer of 2015.

20. Mr. Burks' continued harassment of Mr. Bors, combined with Sole Supports' history of terminating older employees, made him fear for his job security.

21. On Thursday, October 29, 2015, Mr. Bors visited Sole Supports' CEO, Dr. Edward Glaser, and expressed his concerns regarding Mr. Burks. Dr. Glaser promised him he would not be terminated, stating Bors' employment with Sole Supports was "a life sentence".

22. On Monday, November 2, 2015, Mr. Burks fired Bors.

23. As justification for Bors' firing, Mr. Burks invented the pretense that Bors had threatened him.

24. In furtherance of this pretense, Mr. Burks even referred to Bors, a veteran of the United States Air Force as a "terrorist."

25. Mr. Burks filed a petition for an order of protection against Bors, making similar unfounded accusations.

26. Bors was replaced by younger employees.

## Count I – Age Discrimination and Employment Act

27. Paragraphs 1 through 26 above are incorporated as if fully set forth herein.

28. Sole Supports qualifies as an "employer" under the Age Discrimination in Employment Act "ADEA", 29 U.S.C. § 621, et. seq.

29. Bors qualifies as an "employee" under the ADEA.

30. Bors was terminated effective November 2, 2015.

31. Bors, like Bursch and Cowan before him, was terminated due to his age.

32. Burks' claims that Bors threatened him was a pretense for his discriminatory behavior.

33. Following Bors' termination, Sole Supports assisted Burks in pursuing his unfounded claims of being threatened by providing him with legal counsel as he pursued an order of protection.

34. Bors has satisfied any and all procedural administrative requirements established by § 706 of Title VII as adopted by 42 U.S.C. § 12117(a) in that he timely filed Charges of Discrimination with the United States Equal Opportunity Commission. His Charges of Discrimination were filed over sixty days prior to the filing of this action.

35. Sole Supports' termination of Bors based upon his age was willful in that it acted in knowing disregard of its obligations under the Age Discrimination in Employment Act.

## COUNT II – TENNESSEE HUMAN RIGHTS ACT

36. Paragraphs 1 through 38 above are incorporated as if fully set forth herein.

37. Sole Supports is an "employer" under the Tennessee Human Rights Act, T.C.A. § 4-21-101, et. seq.

38. Sole Supports' termination of Bors' employment based upon his age is a discriminatory practice under § 4-21-401(a)(1).

39. Bors has suffered damages because of Sole Supports' decision to terminate him based upon his age.

40. Sole Supports' termination of Bors under false pretenses was fraudulent in that it intentionally misrepresented the cause of his termination, resulting in damages to Bors.

41. Sole Supports' termination of Bors based upon his age was intentional in that it was Sole Supports' intention to terminate Bors on that basis, resulting in damages.

42. Sole Supports' termination of Bors based upon his age was reckless in that it was aware of its obligations under the Age Discrimination in Employment Act but nonetheless disregarded a clear risk of damage to Bors.

43. Burks, acting in the scope of his employment with Sole Supports, acted maliciously in terminating Bors based upon his age.

**WHEREFORE,** Bors respectfully requests that this Court grant him relief as follows:

A. That proper process issue and be served upon Defendant;

B. That Defendant be required to answer within the time prescribed by law;

C. That the Court award Plaintiff compensatory damages, back pay, front pay, and prejudgment interest in the total amount of $600,000;

D. That the Court award Plaintiff liquidated damages in the amount of two times the amount of back pay awarded;

E. That the Court award Plaintiff punitive damages in an amount to be determined by the finder of fact;

F. That the Court award Plaintiff his reasonable attorneys' fees and costs incurred in prosecuting this action;

G. That the Court empanel a jury to hear this cause; and

H. That the Court award Plaintiff such other and further relief that it deems just and appropriate.

Respectfully submitted,

_____
J. BRITT PHILLIPS #20937
CHRISTOPHER SCHROECK #31875
**Sutter O'Connell Co.**
341 Cool Springs Blvd., Suite 430
Franklin, Tennessee 37067
Office: (615) 771-5008
Fax: (615) 771-1080
cschroeck@sutter-law.com

*Attorney for Plaintiff*

## JURY DEMAND

Now comes William P. Bors, by and through counsel, and herein demands a trial by jury of the issues triable of and by a jury in this action.

_____
CHRISTOPHER SCHROECK